UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE WERTZ, Administrator of the Estate of Michael Butler, | ) ) ) | CASE NO.  5:09CV2364 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) ) | ORDER |
| HERBERT JENKINS, | ) ) ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the Rule 56(f) motion filed by Plaintiff George Wertz, Administrator of the Estate of Michael Butler, seeking leave to conduct discovery before responding to the motion for summary judgment filed by Defendant. (Doc. No. 17.)  Defendant has filed a response (Doc. No. 19), and this motion is ripe for decision.

**Background**

Plaintiff brought this wrongful death and survivorship action against Defendant, claiming that Defendant's alleged negligence in assisting the decedent in removing a tree from Defendant's property was the direct and proximate cause of Plaintiff's decedent's death. (Doc. No. 1, Compl. at ¶¶ 6-7.) At the Case Management Conference on November 30, 2009, the Court granted either side leave to file a

dispositive motion prior to the date set in the Case Management Plan and Trial Order.[1] (*See* Minutes November 30, 2009.)

On January 1, 2010, Defendant moved for summary judgment on the ground that the decedent, as a business invitee upon Defendant's property, was only owed a duty of ordinary care. Defendant further maintains that there is no question of material fact as to whether Defendant satisfied this duty of ordinary care. (*See* Doc. No. 12, Motion for Summary Judgment at 6-7.)

The Court conducted a telephonic status conference on April 1, 2010 to discuss the motion. During the conference, Plaintiff's counsel advised the Court that it intended to take the depositions of three individuals: two that had allegedly witnessed the accident, and a third that removed wood from the scene following the accident. Counsel represented that the witness testimony would go to the question of whether Defendant was negligent, and whether this alleged negligence was the proximate cause of the accident.

**Analysis**

In his Rule 56(f) motion, Plaintiff states he is in the process of identifying additional fact witnesses. He also notes that Defendant has yet to produce the tree trimming equipment and the records relating to the purchase of this equipment. Plaintiff further indicates that his plan for discovery "includes procuring experts to inspect the subject tree trimming equipment, interrogatories, requests for production of documents,

---

[1] Pursuant to the CMPTO, the deadline for completing non-expert discovery is April 9, 2010. The deadline for completing expert discovery is June 4, 2010. Dispositive motions are due June 21, 2010. (*See* Doc. No. 10, CMPTO.

2

and eventually requests for admissions, in order to narrow the factual issues of this case." (Mot. at 2.)

Defendant opposes the motion on the ground that Plaintiff has failed to support his Rule 56(f) motion with the requisite affidavit. This argument lacks merit. "The non-movant bears the obligation to inform the district court of its need for discovery […]." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc*., 280 F.3d 619, 627 (6th Cir. 2002). He may, however, accomplish this by *either* "fil[ing] an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, *or* fil[ing] a motion for additional discovery." *Id.* (emphasis added). Because Plaintiff filed a motion for additional discovery, he has sufficiently put the Court on notice that he is requesting additional discovery before responding to summary judgment.

Nonetheless, whether by motion or affidavit, the party seeking the additional discovery must "affirmatively demonstrate […] how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact […]." *Good v. Ohio Edison Co*., 149 F.3d 413, 422 (6th Cir. 1988). In other words, the motion must detail the need for the requested discovery. *Abercrombie*, 290 F.3d at 627.

While the Court questions whether Plaintiff's Rule 56(f) motion, alone, satisfied this burden, the Court finds that the justification provided by Plaintiff's counsel at the recent telephonic status conference, that the requested discovery will address Defendant's argument that Defendant did not breach the duty of care owed to Plaintiff's decedent, demonstrates a need for the discovery.

3

**Conclusion**

Therefore, the Court **GRANTS** Plaintiff's Rule 56(f) motion. Plaintiff shall have until May 10, 2010 to file a response to Defendant's summary judgment motion. Defendant is also granted leave until April 26, 2010 to supplement his dispositive motion, should he choose to do so after additional discovery is conducted.

**IT IS SO ORDERED**.

Dated: April 1, 2010

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**